UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERVELL D. STANCIEL-EL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:03CV908  ERW |
| | ) (TIA) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Terry I. Adelman [doc. #22] pursuant to 28 U.S.C. § 636(b). The Court notes that Petitioner has filed a timely Objection to the Magistrate's Recommendation [doc. #24]. Petitioner objects to the magistrate judge's finding that there was sufficient evidence to support Petitioner's first degree murder conviction. Petitioner further objects to the magistrate judge's finding that Petitioner cannot prevail on his ineffective assistance of counsel claim. After consideration of the issues, the Court hereby sustains, adopts and incorporates herein the Magistrate's Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). Therefore, in light of Petitioner's Objection to the Magistrate's Recommendation, the Court issues the following supplemental memorandum.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**I.   Standard of Review**

In reviewing a habeas petition under §2254, the role of the federal habeas court is narrow. Section 2254 states, in relevant part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only** on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
> ***
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>> (1) resulted in a decision that was **contrary to**, or involved an **unreasonable application of**, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (emphasis added). In *Williams v. Taylor*, the Supreme Court set forth a two step analysis for federal habeas court review of § 2254 claims. *Williams v. Taylor*, 529 U.S. 362, 363 (2000). First, the federal habeas court must determine whether the state court decision was "contrary to" Supreme Court precedent governing the petitioner's claim. Second, the court must determine whether the state court decision involved an "unreasonable application of clearly established federal law," as determined by the Supreme Court. *Id.* at 403.

*Williams* outlines the limits of the federal habeas court's power to grant a § 2254 petition. A state court decision is only "contrary to" Supreme Court precedent if it is diametrically opposed in character or nature. *Id.* at 404. Likewise, an "unreasonable application of clearly established federal law" exists only where the state court identifies the correct governing legal rule but

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

unreasonably applies it to the facts of the case. *Id.* at 412.

**II.     Claims Six, Nine, and Ten**

Defendant procedurally defaulted on these claims because he failed to raise them on appeal from the denial of his post-conviction relief motion. The Magistrate's analysis, on these claims, is well-reasoned and adopted by this Court.

**III**.    **Claims Two, Three, and Four**

Petitioner relies on his prior arguments in seeking relief on these claims. After conducting a de novo review of the Magistrate's findings, the Court adopts the Magistrate's well-reasoned analysis.

**IV.    Claim I**: **First Degree Murder Conviction**

In evaluating the sufficiency of the evidence the correct standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Gibbs v. Kemna*, 192 F.3d 1173, 1175 (8th Cir. 1999) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In his Petition for § 2254 relief, Petitioner challenges the sufficiency of the evidence to support his conviction of first degree murder under an accomplice liability theory. Petitioner argues that: (1) the magistrate judge incorrectly stated the facts of the case with regard to whether he yelled to the people on the porch "what's up now, [racial slur][1]" and whether he was the

---

[1]The Court declines to repeat the egregiously offensive word in the opinion. Reference is made in the parties' briefs and, of course, in the trial transcript.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

accomplice or principal in the murder[2]; (2) there was insufficient evidence to support an inference that Petitioner personally deliberated on killing the victim; and (3) the state failed to prove that Petitioner acted with the requisite intent.

Petitioner contends that the magistrate judge misconstrued the facts of the case and therefore incorrectly concluded that there was sufficient evidence of deliberation on the part of Petitioner. According to Petitioner, the magistrate incorrectly labeled Petitioner as the principal when the record clearly establishes that Petitioner was charged as an accomplice. In addition, Petitioner contends that the magistrate mistakenly found that Petitioner yelled to the people on the porch "what's up now, [racial slur][3]" and started shooting. Petitioner claims that Ms. Harris, a witness of the murder, wasn't sure who made the statement. At Petitioner's trial, Ms. Harris testified, "[I] heard one of them say: what's up [racial slur][4]? Now, and they started shooting, pow, pow, pow numerous times." (Tr. 260).

The Court does not believe that Petitioner's contention that he did not yell "what's up now, [racial slur][5] " to the people on the porch prior to the shooting and that he was the accomplice, not the principal, alters the well- reasoned analysis in the Report and Recommendation. There is sufficient evidence in the record to support a finding of deliberation

---

[2]The Report and Recommendation summarizes the charges and facts. Petitioner was charged with one count of first-degree murder, three counts of first degree assault, and four counts of armed criminal action arising out of the shooting death of Jerome Calvin.

[3]*See supra* note 2.

[4]*See supra* note 2.

[5]*See supra* note 2.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

on the part of Petitioner. There was ample evidence in the record to show that Petitioner and his accomplice fired at least eight shots at the people on the porch, three of which hit the victim, eventually killing him. (Resp. Exh. A. pp. 243, 274-275). Based on this evidence, a reasonable jury could have found, beyond a reasonable doubt, that Petitioner deliberated upon the murder. *See State v. Gray*, 887 S.W.2d 369, 377 (Mo. 1994) (evidence that the accessory either participated in the homicide or continued in the criminal enterprise when it was apparent that a victim was to be killed or evidence that the murder was committed by means of a deadly weapon and the accomplice was aware that the deadly weapon was to be used in the commission of the crime, permits the inference of accomplice deliberation); *State v.Dorsey*, 156 S.W.3d 791,799 (Mo. App. 2005) (same). *See also State v. Shaw*, 14 S.W.3d 77, 86 (Mo. App. 1999) (deliberation could be properly inferred where the victim sustained multiple wounds or repeated blows).

Petitioner further alleges that the State failed to establish that Petitioner acted with the requisite intent to support his conviction of first degree murder. To support his claim, Petitioner states that insufficient evidence was presented to show, either directly or by reasonable inference, that Petitioner shot the victim in a vital body part or that he aimed the weapon at a vital body part. The Missouri Court of Appeals has instructed that intent "may be inferred when an accomplice shares in another's purpose to kill or knows that his accomplice is armed and that a death is substantially certain to occur." *State v. Thomas*, 75 S.W.3d 788, 790 (Mo. App. 2002) (finding defendant driver's pursuit of the vehicle being shot at by the passenger satisfied the requisite intent element of first degree murder).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Here, even if there was insufficient evidence to show that Petitioner shot the victim in a vital body part or aimed the weapon at a vital body part, a reasonable jury could infer from the evidence that Petitioner knew that a death was substantially likely to occur when Petitioner and his accomplice fired shots at a porch where four people were sitting. Therefore, there was a sufficient basis for a reasonable jury to find, beyond a reasonable doubt, that the defendant knowingly committed murder in the first degree.

Accordingly, the Court agrees with the Magistrate's findings as to Petitioner's conviction of first degree murder.

**V.     Claims Five, Seven, and Eight: Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution protects the "fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684 (1984). The right to counsel expressed in the Sixth Amendment is the right to effective assistance of counsel. It is well settled that a criminal defendant is constitutionally entitled to "reasonably competent and diligent representation." *United States v. Rhoads*, 617 F.2d 1313, 1319 (8th Cir. 1980). The Sixth Amendment right is applicable at both the trial and direct appeal levels. *See Evitts v. Lucey*, 469 U.S. 387, 397 (1985) (recognizing the effective assistance of counsel right on appeal as a requirement of Due Process).

In order to prove that Petitioner is in custody in violation of his Sixth Amendment right to effective counsel, Petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995)

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To prove ineffective assistance under the first prong, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Petitioner must overcome the strong presumption that counsel's strategies and performance fall within "the wide range of reasonable professionally competent assistance." *Id.* at 690. The fact that counsel made "demonstrable errors" does not defeat this presumption. *United States v. Cronic*, 466 U.S. 648, 656 (1984).

Even if sufficient proof of the first prong exists, relief may only be obtained if Petitioner also proves that counsel's deficient performance prejudiced Petitioner's case. *Strickland*, 466 U.S. at 694. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The Court may address the two prongs in any order, and if Petitioner fails to make a sufficient showing on one prong, the Court need not address the other prong. *Strickland*, 466 U.S. at 697.

In his Petition for § 2254 relief, Petitioner claims that he is in custody in violation of his right to effective assistance of counsel, to a fair trial, and to due process. Petitioner asserts that his trial attorney rendered ineffective assistance of counsel by failing to investigate whether there were prior incidents between himself and the victims, advising Petitioner to remain silent and not testify at trial, in support of his self defense theory, and for failing to object to improper closing argument.

The Court finds that Petitioner has not demonstrated evidence that trial counsel was so defective as to require a reversal of Petitioner's conviction. Petitioner contends that trial

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

counsel's performance was deficient because he advised Petitioner not to testify at his trial. Trial counsel stated his reasons for advising Petitioner not to testify: he believed Petitioner's defense was adequately presented and the prosecutor told him she would present evidence of 'previous incidents' between Petitioner and the victims, if Petitioner testified. As the 8th Circuit has explained, "hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made and by giving a heavy measure of deference to counsel's judgments." *Bucklew*, 436 F.3d at 1016. The Court believes that trial counsel's reasons for advising Petitioner not to testify were not unreasonable and his advice to Petitioner does not rise to the level of a "grievous" error. *Auman*, 67 F.3d at 162.

Petitioner also criticizes trial counsel for failing to investigate whether there were previous incidents between Petitioner and the victims. As the Supreme Court has stated, counsel has a duty to make a reasonable decision that may make particular investigations unnecessary. *Strickland*, 466 U.S. at 695. Here, Petitioner has presented no evidence to show that the investigation would have revealed that prior incidents between himself and the victims did not, in fact, exist. Moreover, as the magistrate judge noted, "Petitioner was advised of his right to testify, conferred with his attorney, and informed the court that he did not wish to testify, despite the court giving him the opportunity to speak up if that were the case." (Resp. Exh. A, pp. 373-374).

Furthermore, the Court finds that trial counsel's alleged deficient performance did not prejudice the defense. Petitioner asserts that his testimony would have changed the outcome in his case because he would have provided evidence in support of his self-defense theory. The

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Court finds that the state court's determination, that Petitioner's proposed testimony would not have bolstered his self-defense theory, " was not contrary to or an unreasonable application of, clearly established Federal law. " *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. §2254(d)(1)).

Petitioner also asserts that his attorney was ineffective for failing to object to the prosecutor's remarks, in closing argument, that Petitioner was a "terrorist" and that the incident constituted "terrorism" and for failing to object to the prosecutor's definition of "deliberation" in closing argument. To prevail on his ineffective assistance of counsel claim, Petitioner must demonstrate that any deficient performance by trial counsel prejudiced his defense. If Petitioner fails to make a sufficient showing on this prong, the Court need not decide the grievous error prong. *Strickland*, 466 U.S. at 697. With respect to the prosecutor's closing argument, Petitioner has not demonstrated prejudice in this case. The relevant question is whether there is a reasonable probability that the proceeding would have ended in a different result without counsel's errors. *Auman*, 67 F.3d at 162 (citing *York v. Lockhart*, 856 F.2d 61,63 (8th Cir. 1988)). The prosecutor's closing argument is not a paradigm. However, this Court believes that the prosecutor's references to acts of terrorism, when taken in context and compared to the whole record of evidence in this case, would not have affected the outcome of the trial. Further, as the magistrate noted, the state court submitted an instruction to the jury properly defining deliberation and found Petitioner guilty of first degree murder. Thus, it cannot be said that counsel's failure to object prejudiced Petitioner.

The Court concludes that Petitioner has failed to demonstrate the second prong of the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

ineffective assistance of counsel claim, namely, that any alleged deficient performance by trial counsel prejudiced his defense. The Court further concludes that, even if Petitioner's allegations regarding trial counsel's error are taken as true, the relief Petitioner requests would have to be denied because, in order to prevail, Petitioner must demonstrate the existence of both error and prejudice. The Court, therefore, agrees with the Magistrate's findings on Petitioner's claim of ineffective assistance of counsel.

Thus, a de no review of the magistrate judge's conclusions of law reveals that there is no basis upon which to grant Petitioner's petition for writ of habeas corpus. Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained, adopted** and **incorporated** herein [doc #22], as supplemented by the above analysis.

**IT IS FURTHER ORDERED** that Petitioner Jervell D. Stanciel-El's petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. §2254 is **DENIED** [doc #4]. The Court will not issue a certificate of appealability on any of Petitioner's claims.

Dated this 29th day of September, 2006.

     E. RICHARD WEBBER
   UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com